# UNITED STATES BANKRUPTCY COURT

Northern District of Alabama, Eastern Division

In re Glen H. & Diana W. Elrod,
Debtor

## SUBPOENA FOR RULE 2004 EXAMINATION

Case No.* 08-41486

Chapter 7

To: G&D Auto Sales, LLC
Attn: Larry C. Martin
2004 Dean Street
Rome, GA 30161

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

1) Copies of each and every cancelled check and bank statements for each account in which the Debtors had interest in or were signatory upon since January 1, 2005 through the present.

2) Cancelled checks and bank statements fro D&G Auto Sales, Comfort Car Co., Inc. and each and every other entity in which either Debtor owned any interest since January 1, 2005.

3) Check register for each and every bank account in which either Debtor has / had an interest in since January 1, 2005.

| PLACE | DATE AND TIME |
|---|---|
| United States Bankruptcy Court, 800 Broad Street, 3rd Floor, Gadsden AL | 09/19/2008 at 1:30 p.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| /s/ Thomas M. Semmes | 09/08/2008 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

Thomas M. Semmes, Attorney at Law, 1207 Noble Street, Anniston, AL 36201

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

# PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** | 09/17/2008 | 231 Broad Street, Suite 200, Rome, GA 30161 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Larry C Martin | Certified Mail |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Thomas M. Semmes | Attorney at Law |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  09/17/08
DATE

SIGNATURE OF SERVER

1207 Noble Street
Anniston, AL 36201

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

G+D Auto Sales, LLC,
Attn: Larry C. Martin
2004 Dean Street
Rome GA 30161

2. Article Number
(Transfer from service label)

7006 2760 0003 2832 0868

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Larry C. Martin_
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
John D. Ivester   9-17-08

D. Is delivery address different from item 1? ☒ Yes
If YES, enter delivery address below: ☐ No

2 SEP 17 2008 Broad St Ste 200
Rome GA 30161

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   **RESTRICT DELIVER**